

Signed and Filed: February 26, 2021

_____
**HANNAH L. BLUMENSTIEL**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>KONSTANTIN P. SAVVON and ADINE D. LE,<br><br>        Debtors.<br><br>J. MATT NAWROCKI,<br><br>        Plaintiff,<br><br>v.<br><br>KONSTANTIN P. SAVVON and ADINE D. LE,<br><br>        Defendants. | Case No. 14-31016 HLB<br><br>Chapter 7<br><br><br><br><br><br>Adv. Proc. No. 14-3129 HLB |

### ORDER DENYING APPLICATION FOR INJUNCTIVE RELIEF

This case comes before the court on Defendants' Konstantin Savvon and Adine Le's Ex Parte Application for Order Shortening Time,[1] as well as Mr. Savvon and Ms. Le's Application for Injunctive Relief.[2] In their Ex Parte Application, Mr. Savvon and Ms. Le demand a hearing on their Application on March 1 or 2, 2021. Through their Application, Mr. Savvon and Ms. Le demand an order (the "TRO") temporarily restraining Mrock & Associates

---

[1] Dkt. 41 (the "Ex Parte Application").

[2] Dkt. 36 (the "Application").

- 1 -

("Mrock") from proceeding with a foreclosure sale allegedly scheduled for March 3, 2021.

This adversary proceeding was commenced by J. Matt Nawrocki (who is allegedly the sole owner of Mrock) on October 7, 2014. Mr. Nawrocki's complaint sought a judgment declaring nondischargeable a debt owed to him by Mr. Savvon and Ms. Le, pursuant to sections 523(a)(2)(A), (a)(4), and (a)(6).[3] On March 11, 2016, the parties filed a Stipulation of Dismissal.[4] The court entered an order dismissing this action on March 18, 2016.[5]

Now, nearly *five years* following entry of the Dismissal Order, Mr. Savvon and Ms. Le demand a TRO. They allege that Mrock is about to foreclose on their real property because they did not satisfy their obligations under the settlement agreement that apparently led to the filing of the Stipulation of Dismissal and ultimately, to entry of the Dismissal Order. Mr. Savvon and Ms. Le concede that they did not timely secure the financing necessary to make a payment required by the Settlement Agreement, although they blame this on the COVID-19 pandemic. They contend that they will prevail on the merits of their assertion that their performance is excused by impossibility.

There are significant problems with the Application. First and foremost, Mr. Savvon and Ms. Le demand that the court enjoin

---

[3] Unless otherwise indicated, all statutory citations shall refer to Title 11 of the United States Code, aka the "Bankruptcy Code". In addition, all citations to a "Bankruptcy Rule" shall refer to one of the Federal Rules of Bankruptcy Procedure; and all citations to a "Civil Rule" shall refer to one of the Federal Rules of Civil Procedure.

[4] Dkt. 32.

[5] Dkt. 34 (the "Dismissal Order").

- 2 -

Mrock, which is not a party to this action, has never been served with process, and over which the court does not have personal jurisdiction. Mr. Savvon and Ms. Le ignore these fatal issues.

They focus instead on subject matter jurisdiction, in support of which they contend that the court retained jurisdiction under their settlement agreement with Mr. Nawrocki to "mediate any future disputes regarding the settlement of this action." This "reservation" of jurisdiction – set forth in a settlement agreement this judge has never seen – is not sufficient to give the court jurisdiction to issue injunctive relief.

Still further, in order to be entitled to injunctive relief, Mr. Savvon and Ms. Le must show (among other things) a likelihood of success on the merits. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[6] "The first factor under Winter is the most important – likely success on the merits."[7] In other words, Mr. Savvon and Ms. Le must plead some affirmative claim against Mrock, and must demonstrate that they are likely to succeed on the merits of that claim, in order to be entitled to injunctive relief.

---

[6] Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted); see Doe v. McAleenan, 415 F. Supp. 3d 971, 976 (S.D. Cal. 2019) (noting that the standard for issuing a TRO is the same as that pertinent to the issuance of a preliminary injunction).

[7] Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015).

But they have not filed a complaint.  The only affirmative argument they make is set forth in the Application, in which they assert that their timely performance under the settlement agreement was rendered impossible by the COVID-19 pandemic.  If Mr. Savvon and Ms. Le would like injunctive relief, they must file a complaint that asserts causes of action against Mrock.  Because they have not done so, their request for a TRO fails.

And finally, given the fatal flaws from which their Application suffers, the court sees no need to grant the Ex Parte Application.

Accordingly, the court **ORDERS** as follows:

**1.**  The Ex Parte Application is hereby **DENIED**.

**2.**  The Application is hereby **DENIED**.

**\*\*END OF ORDER\*\***

## Court Service List

[None]